IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-00250-01-CR-W-ODS |
| | ) | |
| CLEON D. WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS

On November 16, 2009, the Sarah W. Hays, Magistrate Judge for the Western District of Missouri, issued her Report and Recommendation ("Report") recommending that Defendant's Motion to Suppress (Doc. # 16) be denied. Defendant filed timely objections. Upon de novo review of the Record, the Court is persuaded that the Report's conclusions and resulting recommendation are correct. At issue is a search of Defendant's person, which Defendant contends violated the Fourth Amendment because officers had no reason to believe Defendant was hiding or possessed a weapon.

The Court adopts the factual findings set forth in the Report and summarizes them here. Officers executed a search warrant at a house. The occupants of the house (including Defendant) were frisked, handcuffed, and seated in the driveway. Defendant does not contest the legality of these actions. Officers observed Defendant moving from side to side and trying to get his hands into the waistband in the back of his pants. Concerned that Defendant might have a weapon, officers attempted to do a more thorough pat down. Defendant was not cooperative, which necessitated the involvement of more officers. Eventually, Officer Coppinger frisked the area Defendant had been trying to reach and felt a hard foreign object of some sort. Officer Coppinger testified that it did not feel like a gun or a knife, but Defendant's actions made it impossible to tell with certainty what the object or rule out the possibility that it was a

weapon of some sort. Officer Coppinger then reached into Defendant's pants to retrieve the item and discovered a baggie, which contained crack cocaine.

Defendant does not contest Officer Coppinger's pat down, but contends that Officer Coppinger did not have particularized suspicion that the object was a weapon so he did not have authority to reach into Defendant's pants to retrieve the unknown object. The Court disagrees. First, while Officer Coppinger did not believe the object to be a gun or knife, he could not be certain. Second, and perhaps more importantly, even if Officer Coppinger was absolutely certain that the object was not a gun or a knife he could not be certain that it was not some other sort of weapon. Given the officers' knowledge that those involved in narcotics hide weapons on their person, and given the circumstances (including Defendant's actions), the officers were justified in ascertaining what the object was.

Defendant's objections are overruled. The Report is adopted as the Order of the Court, and the Motion to Suppress is denied.

IT IS SO ORDERED.

DATE: December 4, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

2